UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LIFE INSURANCE COMPANY OF
THE SOUTHWEST,

    Plaintiff,

v.

STEPHANIE MARIE CLARKE, AS
PERSONAL REPRESENTATIVE
OF THE ESTATE OF ELROY W.
CLARKE A/K/A ELIAS BEN
ISRAEL; HOPE OF GLORY
CHURCH OF CHRIST,
STEPHANIE MARIE CLARKE,
INDIVIDUALLY,

    Defendants.

Case No. 2:25-cv-96-KCD-NPM

# ORDER

This is an interpleader action concerning death benefits from several life insurance policies[1] issued by Plaintiff Life Insurance Company of the Southwest ("LSW"). (Doc. 1.)[2] Because "LSW cannot determine without peril the proper party to whom said death benefits are owed," it asks that the Court "adjudicate the issue of which Interpleader Defendant is rightfully entitled to the death benefits." (*Id.* at 6, 7.)

---

[1] The death benefits include LSW's Policy No. LS1109933 ($500,000); Policy No. 740473200 ($500,000); and Policy No. 755680300 ($1,000,000).

[2] Unless otherwise indicated, all internal quotation marks, history, citations, and alterations have been omitted in this and later citations.

Only one of the potential beneficiaries—Stephanie Marie Clark (in her individual capacity)—has appeared and answered the complaint. (Doc. 9.) She does not oppose LSW's interpleader request. (Docs. 49, 51.) She has also filed a Motion for Summary Judgment to declare her the "sole and rightful claimant of the death benefits." (Doc. 41.)

The Hope of Glory Christ Church and Stephanie Marie Clarke, in her capacity as personal representative of the Estate of Elroy W. Clarke a/k/a Elias Ben Israel, did not appear to defend this action, so the Court found them in default. (*See* Docs. 36, 48.) LSW now moves for default judgment. (Doc. 49.) Clarke, in her individual capacity, does not oppose the motion. (Doc. 51.)

## I. Background

The following facts from the complaint have been admitted by Clarke (through her answer) and Hope of Glory Church of Christ and Clarke, as personal representative of the Estate (through their default). In 2021 and 2022, LSW issued three life insurance policies to Elroy W. Clarke a/k/a Elias Ben Israel (the "Insured"), which designated his wife, Clarke, as the primary beneficiary. No contingent beneficiary was designated.

In May 2024, LSW received a request from Elroy Clarke to designate Hope of Glory Church as the primary beneficiary on all three policies. LSW was also given correspondence from the IRS, assigning an employer identification number to Hope of Glory, a power of attorney dated appointing

2

Hope of Glory as the attorney-in-fact for "Clarke: Elroy Wayne Orandye, Prince of the Tiano and Marron Nation," and a "constitution" for Hope of Glory. Clarke also told LSW that he and Stephanie Marie Clarke were divorced.

The Insured passed away five months later. Following the Insured's death, Stephanie Marie Clarke initiated a claim with LSW for the death benefits of the Policies. She advised LSW that the beneficiary change was invalid due to incapacity and undue influence and must be set aside. She stated that Elroy Clarke had become "radicalized" by a "cult group" called the Moorish Sovereign Citizens, which unduly influenced him into creating Hope of Glory for purposes of funneling the death benefits to individuals within the Moorish Sovereign Citizens movement. She stated that, notwithstanding the incapacity and undue influence issues, the Insured failed to create and register Hope of Glory as a valid entity with the State of Florida before his death. Finally, she advised LSW that she and the Insured were not divorced at the time of his death.

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Golembiewski v. Waters Pointe Apartments, LLC*, No. 8:23-CV-81-KKM-AEP, 2023 WL 4931218, at *2 (M.D. Fla. June 27, 2023). "The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment." *Petition of Daytona Beach Aqua Safari, Inc. v.*

3

*Castle*, No. 6:22-CV-740-CEM-DCI, 2023 WL 2329090, at *1 (M.D. Fla. Feb. 10, 2023). First, when a defendant "fails to plead or otherwise defend," the clerk enters default. *Id.* By defaulting, the defendant admits the well-pleaded factual allegations in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "Second, after obtaining [a] clerk's default, the plaintiff must move for default judgment." *Daytona Beach Aqua Safari, Inc.*, 2023 WL 2329090, at *1.

"Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted." *Golembiewski*, 2023 WL 4931218, at *2. "The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties." *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-CV-545-FTM-29, 2012 WL 1890829, at *2 (M.D. Fla. May 24, 2012).

### III. Discussion

**A. Subject Matter Jurisdiction**

The Court has jurisdiction over this interpleader action under 28 U.S.C § 1335 because the amount in controversy exceeds $500 and the parties are diverse. (*See* Doc. 1 ¶¶ 1-3.)

4

## B. Personal Jurisdiction

"The Due Process Clause . . . protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Thomas v. Brown*, 504 F. App'x 845, 847 (11th Cir. 2013). Thus, before entering a default judgment, the reviewing court must ensure that service was proper, that Florida's long-arm statute reaches the defendants, and that maintaining the suit would not offend due process. *Golembiewski*, 2023 WL 4931218, at *3.

Clarke (in her individual capacity) answered the complaint and agreed to jurisdiction. (*See* Doc. 9.) The Estate waived service. (Doc. 8.) But Clarke did not file an answer for the Estate, so it is in default. And LSW was advised that Clarke did not intend to obtain counsel on behalf of the Estate, as required for it to enter an appearance, and that the Estate would not participate in this lawsuit. As for Hope of Glory, service was proper. The Court granted LSW leave to serve Hope of Glory by publication to comply with 28 U.S.C. § 1655. (Docs. 39, 46.) The publisher's affidavit attests that the notice of action was published, as directed by the Court. (Doc. 46-1.) And no one appeared on Hope of Glory's behalf.

## C. Liability & Damages

Entering a default judgment is warranted only when "the well-pleaded allegations in the complaint actually state a substantive cause of action and

5

that a substantive, sufficient basis exists in the pleadings for the particular relief sought." *Golembiewski*, 2023 WL 4931218, at *2. A sufficient basis is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id*. Thus, the reviewing court must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*.

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). An interpleader action proceeds in two stages. "At the first stage, the court determines whether interpleader is proper and whether to discharge the stakeholder from further liability to the claimants. At the second stage, the court evaluates the respective rights of the claimants to the interpleaded funds." *Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Est. of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009). A disinterested stakeholder who has filed an action in interpleader and deposits the funds at issue should be dismissed from the case and discharged from further liability to the claimants. *McBride v. McMillian*, 679 F. App'x 869, 871 (11th Cir. 2017).

In an interpleader action, both a plaintiff and an answering defendant may move for default judgment against non-answering defendants. *See, e.g.*

*Warner Bros. Recs. v. Crunk, Inc.*, No. 1:13-CV-3790-SCJ, 2014 WL 12013427, at *1 (N.D. Ga. Apr. 16, 2014); *Metro. Life Ins. Co. v. London*, No. 2:12-CV-1067-WKW, 2013 WL 2181295, at *1 (M.D. Ala. May 20, 2013).

Entering default judgment against non-answering interpleader defendants, like Hope of Glory and the Estate, is appropriate because a defendant who fails to answer an interpleader complaint forfeits any claim of entitlement to the property that is the subject of the interpleader action. *See Metro. Life Ins. Co.*, 2013 WL 2181295, at *1. In such a scenario, the remaining interpleader defendant is entitled to the property. *McNamara v. Provident Sav. Life Assur. Soc. of N.Y.*, 114 F. 910, 912 (5th Cir. 1902) ("If one defendant in a bill of interpleader establishes his title and the other makes default, the court will decree payment to the former, and a perpetual injunction against the latter.").

Based on the record before the Court, ownership of the restrained funds is in dispute and LSW makes no claim to the funds (except for its attorneys' fees, as allowed by law). LSW is thus due to be dismissed from the action. A judgment against Hope of Glory and the Estate is also warranted. The record demonstrates that they were served but have failed to appear or claim an interest in the disputed funds. As such, they forfeited any claimed entitlement to the restrained funds. *See, e.g., Metro. Life Ins. Co. v. Jones-Looney*, No. 1:12-CV-02025-JOF, 2012 WL 13018320, at *2 (N.D. Ga. Nov. 29, 2012) (explaining

that "if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund").

Because Stephanie Marie Clarke, individually, is the only interpleader defendant who appeared, she is entitled to the restrained funds, which LSW has deposited in the Court's registry (*see* Doc. 16) as a matter of course. *See Metro. Life Ins. Co.*, 2012 WL 13018320, at *2. This leaves Clarke's motion for summary judgment (Doc. 41) moot since she seeks the same relief in that motion.[3]

The only question that remains is the amount of funds to be delivered. LSW's motion seeks to withhold its "reasonable attorneys' fees incurred" in the amount of $12,419.14. (Doc. 49 at 9, 17.) Attorney's fees in interpleader actions lie within the discretion of the court. *In re Mandalay Shores Co-op. Housing Ass'n., Inc.*, 21 F.3d 380, 382-83 (11th Cir. 1994). With no objection (Doc. 51), the Court finds the attorney's fees sought here to be proper and the amount reasonable.

Finally, a successful interpleader plaintiff, like LSW here, is entitled to injunctive relief from further claims "regarding the judgment proceeds in dispute." *McBride*, 679 F. App'x at 873. Clarke does not dispute this relief, which is also demanded in the complaint. (Doc. 1 at 8.) Thus, an injunction is

---

[3] In her motion, Clarke seeks recovery of her attorney's fees and costs. (Doc. 41 at 2, 20.) She provides no memorandum of law to support the request, so it is denied. She can move for fees in compliance with Local Rule 7.1 if she wishes.

appropriate to "restrain all claimants from instituting any proceeding against the interpleader plaintiff concerning the res of the interpleader action." *Id.* at 871.

## IV. Conclusion

Accordingly, it is **ORDERED**:

1. Life Insurance Company of the Southwest's Motion for Default Judgment (Doc. 49) is **GRANTED**, and default judgment is entered against Hope of Glory Church of Christ and Stephanie Marie Clarke as personal representative of the Estate of Elroy W. Clarke a/k/a Elias Ben Israel pursuant to Federal Rule of Civil Procedure 55(b);

2. The Clerk is **DIRECTED** to disburse $12,419.14 of the registry monies (Doc. 16) to Life Insurance Company of the Southwest;

3. After disbursing the funds to the Life Insurance Company of the Southwest, the Clerk is **DIRECTED** to disburse the remaining funds to Stephanie Marie Clarke, individually, as the only appearing beneficiary;

4. Life Insurance Company of the Southwest is discharged from all liability with regard to the interpleaded funds;

5. Defendants Hope of Glory Church of Christ and Stephanie Marie Clarke, as personal representative of the Estate of Elroy W. Clarke a/k/a Elias Ben Israel, are enjoined from instituting or prosecuting any proceeding against

Life Insurance Company of the Southwest in any court affecting, or determining rights to, the disputed funds at issue in this interpleader action;

6. Stephanie Marie Clarke's Motion for Summary Judgment (Doc. 41) is **DENIED AS MOOT** because the relief she seeks is duplicative of the rulings above;

7. The Clerk is directed to enter judgment, deny all pending motions, and **CLOSE** the case.

**ENTERED** in Fort Myers, Florida on December 15, 2025.

Kyle C. Dudek
United States District Judge

Copies:
Finance-ORL